IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES P. TAYLOR, | ) | CASE NO. 1:17 CV 22 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Charles Paul Taylor, for disability insurance benefits.[2]  The Commissioner has answered[3] and filed the transcript of the administrative record.[4]  Under my initial[5] and procedural[6] orders, the parties

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated January 4, 2017.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 5.

[6] ECF # 13.

have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]  They have

participated in a telephonic oral argument.[10]

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Taylor, who was 50 years old at the time of the administrative hearing,[11] did not

graduate high school, but has a GED and attended some college.[12] His past relevant work

history includes work as a machine builder, metal finisher, and sider.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of

the Commissioner, found that Taylor had severe impairments consisting of fibromyalgia,

obesity, irritable bowel syndrome, hypertension, carpal tunnel syndrome, plantar

fasciatus/history of right ankle fracture/flat feet [hereinafter, collectively, the podiatric

impairment], neuropathy, post-traumatic stress disorder, major depressive disorder and

---

[7] ECF # 22 (Commissioner's brief); ECF # 16 (Taylor's brief); ECF # 23 (Taylor's reply brief).

[8] ECF # 22-1 (Commissioner's charts); ECF # 17 (Taylor's charts).

[9] ECF # 17-1 (Taylor's fact sheet).

[10] ECF # 28.

[11] ECF # 17-1 at 1.

[12] ECF # 12, Transcript ("Tr.") at 63.

[13] *Id*. at 34.

anxiety (20 CFR 404.1520(c)).[14]  The ALJ made the following finding regarding Taylor's

residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567 (b) except that claimant may frequently stoop, kneel, crouch, climb ramps and stairs, may occasionally crawl, but may never climb ladders, ropes, or scaffolds; the claimant may frequently engage in fine and gross manipulation with the bilateral upper extremities; the claimant must avoid concentrated exposure to workplace hazards; the claimant is limited to the performance of unskilled work, consisting of simple, routine, repetitive tasks, undertaken in a work setting that is static, in that it would free of strict time limitations, strict high production quotas, and would contemplate the introduction of few, if any, work related changes, which setting requires no more than incidental contact with the general public and no more than frequent, superficial [defined as precluding group tasks, as well as tasks involving sales, arbitration, conflict resolution, negotiation, the persuasion of, management of, or direction of, others] interaction with co-workers and supervisors.[15]

The ALJ decided that this residual functional capacity precluded Taylor from performing his

past relevant work.[16]

   Based on an answer to a hypothetical question posed to the vocational expert at the

hearing setting forth the residual functional capacity finding quoted above, the ALJ

---

[14] *Id*. at 23.

[15] *Id.* at 26.

[16] *Id.* at 34.

-3-

determined that a significant number of jobs existed locally and nationally that Taylor could perform.[17] The ALJ, therefore, found Taylor not under a disability.[18]

## B.    Issue on judicial review

Taylor asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Specifically, Taylor presents the following issue for judicial review:

- •      Whether the ALJ erred when he failed to consider the disability determination by the Veterans Administration.

- •      Whether the ALJ did not properly evaluate Taylor's credibility.

- •      Whether the ALJ did not meet his burden at Step Five of the Sequential Evaluation.[19]

The Court recommends that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

## A.    Standards of review

## 1.    *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

---

[17] *Id.*

[18] *Id.* at 35.

[19] ECF #16 at 1.

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## 2.    *Credibility*

As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[23] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms or limitations will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[24]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[25]

---

[23] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

[24] *Id.* at 34484.

[25] 20 C.F.R. § 416.929(c)(2).

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[26]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[27] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[28]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible

---

[26] *Swain*, 297 F. Supp. 2d at 988-89.

[27] 20 C.F.R. § 404.1529(c)(3).

[28] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[29] A court may not disturb the ALJ's credibility determination absent compelling reason.[30]

**B.     Application of standards**

This matter centers on the weight given by the ALJ to a disability determination by the Veterans' Administration. The analysis of this issue is then crucial to deciding the remaining questions concerning how the ALJ evaluated Taylor's credibility and whether the RFC has the support of substantial evidence.

*1.     The VA determination*

As noted above, Taylor claims an onset date of August 2013 in relation to the matter now under review,[31] and the VA determined that Taylor had a 90 percent service-related disability, caused by multiple factors, as of March 2012.[32]  Specifically, the VA determined that Taylor was 70 percent disabled as of March 2012 as regards PTSD.[33]  Taylor here argues

---

[29] *Buxton*, 246 F.3d at 773.

[30] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[31] Tr. at 22.

[32] *Id*. at 356.

[33] *Id*. at 961-62.

that although the ALJ here discussed and then ultimately discounted the findings of the VA examining physicians, the ALJ erred by not discussing or weighing the fact that the VA had made a finding of disability.[34]

In this regard, Taylor contends that the way the ALJ dealt with the VA finding does not satisfy the requirements of 20 C.F.R. 404.1504 and SSR 06-03p, as well as being at variance with the Sixth Circuit's teaching in *Richie v. Commissioner of Social Security.*[35] This precise question was recently examined at some length by Senior District Judge James Carr in his Opinion adopting a Report and Recommendation of Magistrate Judge Limbert in *Joseph v. Berryhill.*[36]  In *Joseph,* similar to the present matter, the claimant asserted that the ALJ did not properly review the disability determination of the VA, and thus failed to give meaningful reasons for the weight given to the VA's finding.[37]

Judge Carr set out the applicable law as follows:

The regulations make clear another governmental agency's decision is not binding on the Commissioner.

Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs ...—make disability ... and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or nongovernmental entity about whether

---

[34] ECF # 16 at 16 (citing transcript).

[35] *Richie v. Comm'r of Soc. Sec.*, 540 Fed. App'x 508 (6th Cir. 2013).

[36] *Joseph v. Berryhill*, No. 3:16CV2259, 2017 WL 3736787 (N.D. Ohio August 30, 2017).

[37] *Id.* at * 4.

you are disabled ... or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled ... under our rules.

20 C.F.R. § 404.1504 (emphasis added).

However, while such decisions may not be binding on the SSA, "the Commissioner may nonetheless find an agency's determinations relevant, depending on the similarities between the rules and standards each agency applies to assess disability." *LaRiccia v. Comm'r of Soc. Sec.*, 549 Fed.Appx. 377, 388 (6th Cir. 2013).

Further, according to the Administration's own ruling:

we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

Social Security Ruling 06-03p, 2006 WL 2329939 (2006).

Accordingly, the ALJ must "consider the other agency's decision" and "articulate reasons for the amount of weight he or she assigns to that decision." *Rothgeb v. Astrue*, 626 F. Supp. 2d 797, 809 (S.D. Ohio 2009) (Ovington, M.J.), report and recommendation adopted, 626 F. Supp. 2d 797 (S.D. Ohio); see also *LaRiccia*, supra, 549 Fed.Appx. at 388 (6th Cir. 2013) ("Regardless

of the weight afforded, an ALJ should explain the consideration given to these decisions in the notice of decision.") (internal citation and quotation marks omitted); *McGrew v. Colvin*, 2014 WL 1382540, *11 (S.D. Ohio) ("[R]egardless of whether a claimant's disability rating from the Department of Veterans Affairs is ultimately determined relevant, the ALJ must consider the rating–and explain such consideration–in the decision.").

While it is clear an ALJ must consider the VA's disability rating, the Sixth Circuit has not specified the precise weight a VA disability rating should receive when an ALJ makes a Social Security disability determination. *Richie v. Comm'r of Soc. Sec.*, 540 Fed.Appx. 508, 510 (6th Cir. 2013) ("We have held that a disability rating from the Veterans Administration is entitled to consideration, but we have not specified the weight such a determination should carry when determining social security eligibility.") (citing *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984)). Instead, "the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case[,]" and "ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721, 727 (E.D. Mich. 2011) (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).[38]

In this case, the relevant finding of *Joseph* is that an ALJ must consider the VA's disability rating and explain that consideration, but is not required to assign any specific weight to the VA's determination.  As was quoted with approval in *Joseph*, the weight given to the VA's finding will depend on the facts of each specific case, and the ALJ need not give great weight to that finding if he can "adequately explain the valid reasons for not doing so."[39]

Indeed, the ALJ here specifically cited to the VA's finding of 90 percent disability, but  then observed that this conclusion was stated in March 2012 when Taylor was still

---

[38] *Id*. at ** 4-5.

[39] *Id.* at * 5 (quoting *King v. Comm'r of Social Security*, 779 F. Supp.2d 721, 727 (E.D. Mich. 2011)(citation omitted)).

gainfully employed, as he would be for an additional fifteen months thereafter.[40]  He also observed that the VA decision was based on standards that are "dissimilar" to those employed by the Commissioner in making disability determinations, and therefore that the VA's finding "cannot serve to control the outcome" of Taylor's claim.[41]

Moreover, the ALJ analyzed the functional opinions of:

- Dr. David Blumenthal, a rheumatologist for the VA;[42]

- Graham Young, a consulting psychologist with the VA;[43]

- Patrick Hopperton, a physicians assistant with the VA;[44] and

- Janet Axler, a licensed professional clinical counselor at the VA.[45]

The ALJ found that in none of these instances was the VA source a treating source as that term is defined by the Commissioner, inasmuch as Dr. Blumnethal, Dr. Young, PA Hopperton and counselor Axler each examined Taylor only once.[46]  In addition to noting the

---

[40] Tr. at 20.

[41] *Id*.

[42] *Id*. at 32.

[43] *Id*. at 33.

[44] *Id*.

[45] *Id*.

[46] *Id*. at 32 (Blumnethal); 33 (Young), (Hopperton), (Axler).

-12-

limited treating relationship in each case, the ALJ specifically gave weight to each functional opinion and gave reasons for the weight given.[47]

This analysis of each functional opinion, which is fully in conformity with the Commissioner's regulations, highlights critical differences between the VA's system and that of the Commissioner.  As the ALJ in *Joseph* explains, the VA findings are not medical opinions in the sense that such opinions are evidence in a Social Security adjudication.[48] Accordingly, the VA findings - which reflect an assessment of the veteran's limitations of earning potential as compared to an average person -  are of "limited evidentiary value" in a Social Security proceeding that seek to ascertain if the claimant is unable to perform past work or any other gainful work, which is to say, that he is disabled.[49]

It is noted that the ALJ in *Joseph*, in that portion of the opinion directly quoted by Judge Carr, observed that the only way the VA findings can have evidentiary value in the Social Security setting, given the limitations described above, is if a Social Security ALJ considers "the supporting evidence on which the [VA] rating was based."[50]  In other words, if the ALJ seeks to determine if the evidence that supported the VA's findings as to degrees of lost earning potential can also support a finding of disability within the meaning of the Social Security adjudication process.

---

[47] *Id*.

[48] *Joseph*, 2017 WL 3736787, at * 5.

[49] *Id*.

[50] *Id*.

This is essentially what the ALJ here attempted to do by examining each functional opinion from a VA source, assigning weight to each opinion and providing good reasons on the record for that decision.  In so doing, the ALJ here was acting consonant with the applicable Sixth Circuit case authority and the facts of this matter. In that regard, I note especially the decision in *Lowery v. Comm'r of Soc. Sec.*[51] where the district court contrasted the impermissible action of an ALJ merely referencing the finding of the VA, with "an analysis of the same *or a consideration of the evidence presented to the administrative agency.*"[52]

Therefore, for the reasons stated, I recommend finding that the decision of the Commissioner as it relates to the handling of the VA's findings should be affirmed as in conformity with the applicable law, supported by substantial evidence and articulated in a way that provides for meaningful judicial review.

**2.      *Credibility***

Here, Taylor seeks to reverse the determination of the ALJ that he was not fully credible as to the functional limitations of the recognized impairments.  It is noted that the ALJ conducted a thorough and detailed multi-page review of the functional limitations of

---

[51]  *Lowery v. Comm'r of Soc. Sec*, 886 F. Supp. 2d 700 (S.D. Ohio 2012).

[52]  *Id.* at 707 (emphasis added).

Taylor's podiatric impairments,[53] fibromyalgia,[54] carpal tunnel syndrome,[55] hypertention,[56] irritable bowel syndrome,[57] and psychiatric disorders.[58]  I further note, as does the Commissioner, that the ALJ found from this objective evidence that Taylor was generally able to perform a reduced range of light work, with the related finding that Taylor's subjective complaints beyond that point were not supported.[59]

The sole argument made by Taylor is that the ALJ betrayed a disqualifying bias against him by terming the treatment for his foot impairment as "conservative" when it included thing like custom orthotics and a prescription for gabapentin.[60]  As the Commissioner states, "it is not clear how the ALJ's observation renders his entire credibility observation untenable."[61]

---

[53] Tr. at 27.

[54] *Id.* at 28.

[55] *Id.*

[56] *Id*. at 28-29.

[57] *Id*. at 29.

[58] *Id*. at 29-30

[59] ECF # 22 at 11 (citing record).

[60] ECF # 16 at 20.

[61] ECF # 22 at 13.

I recommend finding, for the reasons stated, that the decision of the ALJ in this regard should be affirmed as is in conformity with the applicable law as to evaluating credibility and is further supported by substantial evidence.

**3.      *Step Five***

Taylor here argues that the ALJ erred at Step Five by not limiting him to sedentary work - a level at which, under the Grid, he would have been disabled.  As the Commissioner notes,  this argument cannot overcome the fact that Taylor has not shown why the limitations of the RFC are incorrect. Stated differently, the record does not support any additional limitations that would, in turn, provide the basis for a reduced RFC.  Thus, because the ALJ's hypothetical to the VE accurately set forth the limitations contained in the RFC, the ALJ was permitted to rely on the VE's testimony that Taylor was capable of performing work that existed in significant numbers in the national economy, as was therefore not disabled.[62]

## Conclusion

For the reasons stated, I recommend finding that substantial evidence supports the decision of the Commissioner to deny benefits to Charles P. Taylor, and that this decision should therefore be affirmed.

Dated: December 1, 2017                                 s/ William H. Baughman, Jr.
                                                                         United States Magistrate Judge

---

[62] See, *Smith v. Halter*, 307 F.3d 377. 378 (6th Cir. 2001).

-16-

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[63]

---

[63] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).