UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| CHARLES P. TAYLOR, | ) | CASE NO. 1:17-cv-22 |
| --- | --- | --- |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of plaintiff Charles Taylor ("Taylor") (Doc. No. 30 ("Obj.")) to the Report and Recommendation of the magistrate judge (Doc. No. 29 ("R&R")) that the decision of defendant Commissioner of Social Security ("Commissioner") denying Taylor's application for disability insurance benefits be affirmed. The Commissioner filed a response to Taylor's objection (Doc. No. 31 ("Resp.")), and the matter is ripe for decision. For the reasons that follow, Taylor's objections are overruled and the decision of the Commissioner denying Taylor's application for disability benefits is affirmed.

**A. Background**

Taylor applied for disability insurance benefits in January 2014, alleging a disability beginning August 8, 2013. (Doc. No. 12 (Transcript of Proceedings before the Social Security Administration ["Tr."]) at 86.[1]) He had past relevant work as a machine builder, metal finisher, and sider. (R&R at 1323.) In March 2012, Taylor received an overall 90% service-connected

---

[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

disability determination from the Veteran's Administration ("VA"), at which time Tayor was engaged in substantial gainful activity and remained so for about 15 months thereafter. (*Id*. at 1332-33, citing the administrative record.)

After his disability application was denied initially and upon reconsideration, Taylor requested a hearing, which was conducted on September 7, 2016.[2] (Tr. at 86.) Taylor (represented by his lawyer) and a vocational expert ("VE") appeared at the hearing. On September 26, 2016, the ALJ issued a decision finding that Taylor was not disabled.

The ALJ found that Taylor had severe impairments consisting of fibromyalgia, obesity, irritable bowel syndrome, hypertension, carpal tunnel syndrome, plantar fasciitis/history of right ankle fracture/flat feet (collectively, the "podiatric impairment"), neuropathy, post-traumatic stress disorder, major depressive disorder, and anxiety. (R&R at 1323-34, citing the administrative record.) The ALJ determined that Taylor was precluded from performing past relevant work, and had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with certain exceptions and limitations. (*Id*. at 1324, quoting and citing the administrative record.) Based upon the vocational expert's answer to the ALJ's hypothetical questions at the hearing, the ALJ concluded that a significant number of jobs existed in the local and national economy that Taylor could perform and, therefore, Taylor was not disabled. (*Id*. at 1324-25.) The Appeals Council declined review, thereby rendering the ALJ's decision the final decision of the Commissioner.

---

[2] The hearing was originally scheduled for March 21, 2016, however, the Administrative Law Judge ("ALJ") continued the hearing to provide Taylor's counsel with time to obtain additional records from the VA where Taylor was still treating. (Tr. at 115-18.) Taylor was 50 years old at the time of the hearing.

Taylor timely filed this action, claiming that the ALJ: (1) erred by failing to properly consider the VA's disability determination, (2) did not properly evaluate Taylor's credibility, and (3) failed meet his burden at Step Five of the sequential evaluation for disability. (*Id*. at 1325.) The case was referred to the magistrate judge for a report and recommendation.

## B. The Report and Recommendation

With respect to Taylor's first claim, the magistrate judge found that the ALJ's consideration of the VA's disability determination was in keeping with the social security administration's rules and regulations and applicable case law. (*See id*. at 1329-35.) As to the ALJ's evaluation of Taylor's credibility, the magistrate judge found that the ALJ conducted a thorough and detailed review of the functional limitations of Taylor's impairments, and concluded that Taylor was generally able to perform a reduced range of light work and his subjective complaints beyond that were not supported. (*Id*. at 1335-37.) Finally, with respect to Taylor's claim that the ALJ erred at Step Five by not limiting him to sedentary work, the magistrate judge found that Taylor failed to show why the limitations of the RFC[3] were not correct and the record did not support additional limitations that would provide a basis for a reduced RFC. (*Id*. at 1337.) Finding that the Commissioner's denial of disability was supported by substantial evidence, the magistrate judge recommended that the decision be affirmed.

## C. Standard of Review

### 1. The Commissioner's decision

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment

---

[3] RFC is an acronym for residual functional capacity.

that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process. *See* 20 C.F.R. § 404.1520.

A district court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)). "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 407 (6th Cir. 2009)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists

in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

    2.    **Objections to R&R**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

**D. Analysis of Plaintiff's Objections to the R&R**

    **1.    The magistrate judge did not err in concluding that the ALJ properly considered the VA's disability determination**

Taylor does not disagree with the magistrate judge that disability determinations by other governmental agencies, including the VA, are not binding upon the Commissioner. While not binding, the rules, regulations, and case law require that such determinations be considered, and the ALJ must explain the consideration afforded. (*See* R&R at 1330-31, citing, inter alia, 20

C.F.R. § 404.1504 and Social Security Ruling 06-03p, 2006 WL 2329939 (2006).) *See also Joseph v. Berryhill*, No. 3:16CV02259, 2017 WL 3736787, at *5 (N.D. Ohio Aug. 30, 2017) (the ALJ must consider the VA's decision and articulate reasons for the weight he assigns to that decision) (collecting cases).

The Sixth Circuit has not specified the amount of weight that must be afforded a disability determination by the VA. *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (citation omitted). The weight afforded may vary depending upon the circumstances, and "great weight" is not required as long as the ALJ provides a valid reason for the weight afforded. *Joseph*, 2017 WL 3736787, at *5 (quoting *King v. Comm'r of Soc. Sec.*, 779 F. Supp. 2d 721 (E.D. Mich. 2011) (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001))). Taylor contends that the ALJ did not follow this standard when considering his VA disability determination, and the magistrate judge erroneously concluded that the ALJ properly applied the rules and the law based upon *Joseph*. (Obj. at 1339.)

In *Joseph*, the district court found that the ALJ had properly considered the VA's disability determination where the ALJ "acknowledged" the VA's disability determination for claimant, recognized the differences in standards between the VA and Social Security Administration for determining whether a claimant is disabled, and afforded "some weight" to the VA's determination because it showed that the claimant had limitations with respect to performing work-related tasks. *Joseph*, 2017 WL 3736787, at *5 (quoting the administrative record). Taylor argues that this case is not like *Joseph*, but like *Lowery v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 700, 717-18 (S.D. Ohio 2012). In *Lowery*, the Commissioner's decision denying disability benefits was remanded because, among other reasons, there was no indication of

whether the ALJ considered or gave any weight to the VA's disability finding. *Lowery*, 886 F. Supp. 2d at 717. Taylor is wrong.

Here, the ALJ addressed the Taylor's disability determination by the VA as follows:

> I acknowledge that the claimant has received a 90% service-connected disability from the Veteran's Administration. However that rating is not permanent, and is effective from March 30, 2012, a time during which, and for some fifteen months thereafter, the claimant engaged in substantial gainful activity. In addition, that rating was made, based on standards dissimilar to those employed in the Disability program. While it merits appropriate consideration, the rating cannot serve to control the outcome of this Decision.

(Tr. at 86, internal citations to the administrative record omitted.)

The ALJ also considered the functional opinions of Dr. David Blumenthal, a rheumatologist for the VA; Graham Young, a consulting psychologist with the VA; Patrick Hopperton, a physicians' assistant with the VA; and Janet Axler, a licensed professional clinical counselor at the VA. (*Id.* at 98-99.) The ALJ afforded "partial weight" to the opinions of Blumenthal and Young, and explained his reason for doing so. Similarly, the ALJ examined the opinions of Hopperton and Axler and afforded "little weight" to those opinions, also stating his reasons. (*Id.*) In so doing, the ALJ considered the weight to be afforded to each these VA opinions to the extent they showed work-related limitations.

This case is not like *Lowery*, where remand was appropriate because "the only mention of Plaintiff's V.A. disability benefits in the ALJ's decision is one statement—'He is currently receiving Veteran's Administration disability benefits[]'"—with no further discussion of the VA's disability determination. *Lowery*, 886 F. Supp. 2d at 717-18; *see also King*, 779 F. Supp. 2d at 726-27 (Remand is appropriate for a better developed record regarding the VA disability determination where the ALJ stated that she considered that determination but did not explain

whether she accorded any weight to it and, if not, why not.). "[M]erely referencing the disability finding of the [VA] does not equate to an analysis of same or a consideration of the evidence presented to that administrative agency." *Lowery*, 886 F. Supp. 2d at 707.

In this case, the ALJ did much more than merely reference the VA's disability determination for Taylor. Considering the entire record as a whole, the ALJ assigned "appropriate weight" to the VA's determination in the context of the Commissioner's standards for disability. *See Ritchie*, 540 F. App'x at 510 (In evaluating whether the ALJ appropriately considered the VA's disability determination, the entire decision must be considered .).

After conducting a de novo review, the Court concludes that the ALJ satisfied the standard for considering Taylor's nonbinding VA disability determination, and the magistrate judge did not err in finding that the ALJ appropriately considered that determination in accordance with the rules and regulations and case law governing the consideration of disability determinations by agencies other than the Social Security Administration.

## 2. The magistrate judge did not err in concluding that the ALJ properly determined Taylor's credibility

Taylor seeks to reverse the ALJ's determination that he was not fully credible regarding the functional limitations of his recognized impairments on the grounds that the ALJ was biased against him because the ALJ termed the treatment for his podiatric impairment as "conservative" when it included custom orthotics and a prescription for gabapentin. (R&R at 1335-36.) The R&R addressed the standard for evaluating subjective complaints of pain. (*Id*. at 1327-1329.)

Noting that it is unclear how the ALJ's alleged bias rendered his entire credibility determination reversible, the magistrate judge found that the ALJ conducted a thorough and detailed review of the objective medical evidence and functional limitations, and recommended

that the ALJ's credibility determination "should be affirmed as [it] is in conformity with the applicable law as to evaluating credibility and is further supported by substantial evidence." (*Id.* at 1337.) Taylor contends that the magistrate judge erred in this analysis because Taylor's complaints regarding his podiatric impairment were substantiated by Blumenthal and a diagnosis of plantar fasciitis, and both the ALJ and the magistrate judge failed to build an accurate and logical bridge between the evidence and the ALJ's finding regarding Taylor's credibility. (*See* Obj. at 1340-41.)

"It is for the [ALJ], not a reviewing court, to make credibility findings." *Felisky,* 35 F.3d at 1036 (citing, inter alia, *Hardaway v. Sec'y of Health & Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)). *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir. 2003) ("[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.") (citations omitted). "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJs unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). That said, the ALJ's credibility determination must still be supported by substantial evidence. *Harris v. Comm'r of Soc. Sec.,* No. 1:09CV448, 2011 WL 167279, at *11 (S.D. Ohio Jan. 19, 2011) (citing *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 542 (6th Cir. 2007) (further citation omitted)). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky,* 35 F.3d at 1036 (citing *Auer v. Sec'y of Health & Human Servs.,* 830 F.2d 594, 595 (6th Cir. 1987)).

Taylor finds fault with the ALJ's credibility determination by focusing on a comment by the ALJ concerning his podiatric impairment, but the ALJ's credibility determination was not based on the podiatric impairment alone. The ALJ considered numerous factors in assessing Taylor's subjective pain, including objective medical evidence (noting both abnormal and generally normal examination findings), inconsistent statements by examiners regarding opinions about limitations and objective medical findings, Taylor's daily activities (driving, performing personal care and routine household chores, using a computer and managing an email account, keeping track of personal finances and appointments, caring for grandchildren and a pet, socializing with friends, and going to a bar on a regular basis), inconsistent statements by Taylor regarding his alleged limitations and daily activities, and the results of Taylor's Minnesota Multi-phase Personality Inventory suggesting a tendency to overstate symptoms. (*See* Tr. at 93-97.) Moreover, the ALJ did not totally discount plaintiff's subjective pain, but partially credited those symptoms by imposing additional restrictions and limiting Taylor's RFC to a reduced range of light work activity. (*See id*. at 92.)

A review of the ALJ's decision shows that the ALJ examined all of the appropriate evidence in evaluating Taylor's symptoms, and there is substantial evidence to support the ALJ's assessment of Taylor's credibility and the ALJ's assessment of how Taylor's symptoms affected his ability to perform light work with additional restrictions. *See Soc. Sec. Ruling 16-3p; Titles II & XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Mar. 16, 2016). Furthermore, the ALJ built a logical bridge between that evidence, his determination of Taylor's credibility regarding symptoms, and Taylor's RFC. Taylor's second objection is overruled.

### 3. The magistrate judge did not err in concluding that the ALJ's analysis of Step Five was supported by substantial evidence

In Step Five of a disability analysis, the Commissioner must determine whether a claimant who is unable to perform past relevant work is able to do any other work, considering his residual functional capacity, age, education, and work experience, that exists in significant numbers in the national economy. (Tr. at 88, citing 20 C.F.R. 404.1512(g) and 404.1560(c).) Taylor argues that the ALJ erred at Step Five by not limiting him to sedentary work. But the magistrate judge found that Taylor did not show that the limitations of the RFC established by the ALJ were incorrect, or that the record supported additional limitations. (R&R at 1337.) In his objection, Taylor claims that

> [t]he ALJ asked the vocational witness if a person limited to standing and/or walking for no more than four hours would be limited to the sedentary level of exertion. The response was yes. See Tr. 88-89. Although this was not the ultimate RFC adopted by the ALJ, the fact that sedentary questions were asked provided evidence that a sedentary RFC was considered in this matter. Taylor's contention that he should have been limited to the sedentary exertional level was, therefore, supported by the ALJ's questioning of the vocational witness. As such, the argument should not have been summarily disregarded.

(Obj. at 1341.)

Taylor's objection lacks merit. First, Taylor does not make specific objections to the magistrate judge's finding that Taylor failed to establish that ALJ's RFC was incorrect, or that the record did not support additional limitations. Taylor simply argues that because the ALJ questioned the VE regarding limitations on standing/walking of no more than four hours per day, a sedentary limitation was supported by the record. Limitations on standing and walking, however, do not necessarily and automatically result in a RFC of sedentary work. *See Coulter v. Comm'r of Soc. Sec.*, 24 F. App'x 305, 306-07 (6th Cir. 2001); *Wagner v. Comm'r of Soc. Sec.*,

11

No. 4:11 CV 1891, 2012 WL 3961225, at *10 (N.D. Ohio Sept. 10, 2012) (citation omitted). More importantly, if there is substantial evidence in the record to support the ALJ's RFC determination, as there is here, that decision will not be disturbed simply because there may also be evidence in the record to support a different conclusion. *Buxton*, 246 F.3d at 772-73 (citations omitted). Taylor's third objection to the report and recommendation are overruled.

### E. Conclusion

For all of the foregoing reasons, the Court overrules Taylor's objections to the recommendation of the magistrate judge. Further for the reasons contained herein, and for the reasons contained in the R&R which the Court accepts and adopts, the Commissioner's decision denying Taylor's application for disability insurance benefits is affirmed.

**IT IS SO ORDERED**.


Dated: March 14, 2018

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**